DECISION
Defendant-appellant, Anthony E. Jones, appeals from a judgment of the Franklin County Court of Common Pleas finding defendant to be a sexual predator as that term is defined in R.C.2950.01(E). Because the trial court's decision is supported by sufficient clear and convincing evidence in the record, we affirm.
Pursuant to indictment filed April 30, 1992, defendant was charged with one count of rape, two counts of gross sexual imposition, one count of kidnapping, and one count of felonious sexual penetration relating to incidents in 1988 and 1992 involving his stepdaughter, who was six and ten, respectively, at the time of the offenses. Defendant ultimately entered a guilty plea to felonious sexual penetration arising out of the 1988 incident; the remaining charges were dismissed. Defendant was sentenced to five to twenty-five years of incarceration.
By letter dated April 18, 1997, the warden at the Madison Correctional Institution advised the trial court that the Department of Rehabilitation and Correction recommended defendant be adjudicated a sexual predator. The matter was scheduled for hearing before the trial court to determine defendant's sexual predator status.
At the hearing, the state introduced as evidence defendant's indictment, his guilty plea, the trial court's sentencing entry, the records from the Madison Correctional Institution, including the Ohio Parole Board Information Sheet and related documents, and the transcript of defendant's guilty plea proceedings. After hearing defendant's testimony concerning the remedial program he had participated in at the correctional facility, the trial court determined the state had proved by clear and convincing evidence that defendant had been convicted of a sexually oriented offense and was likely to engage in the future in one or more sexually oriented offenses. The trial court premised its decision primarily on the age of the victim, who was six years old at the time of the offense to which defendant pleaded guilty, and the pattern of abuse which the documents in evidence revealed.
Defendant appeals, assigning two errors:
 I. THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR.
 II. THE TRIAL COURT ERRED IN TAKING JUDICIAL NOTICE OF RECIDIVISM RATES FOR SEXUAL OFFENDERS, IN VIOLATION OF EVID.R. 201.
Because the two assigned errors are interrelated, we address them jointly. Together they assert the trial court's decision finding defendant to be a sexual predator is not supported by sufficient evidence.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." While the parties do not dispute that defendant committed a sexually oriented offense, defendant contends that under the factors set forth in R.C.2950.09(B)(2), defendant lacks sufficient indicia of recidivism to conclude that he is a sexual predator by clear and convincing evidence. In examining the factors set forth in R.C.2950.09(B)(2), we note that defendant was born November 10, 1963, and thus was twenty-four at the time of the offense. R.C.2950.09(B)(2)(a). Defendant's prior criminal record consists of a bond forfeiture for a disorderly conduct on March 1, 1988. R.C.2950.09(B)(2)(b). Moreover, the evidence does not indicate either multiple victims or the use of drugs or alcohol to impair the victim. R.C. 2950.09(B)(2)(d) and (e).
Most significantly, however, the victim of defendant's crime was six years of age. R.C. 2950.09(B)(2)(d). Moreover, defendant's actions with respect to the victim were part of a pattern of abuse. R.C. 2950.09(B)(2)(h). Specifically, according to the parole board documents, the victim stated that on February 24, 1988, she had been watching the "Wizard of Oz" and had fallen asleep in her parent's bed. She stated she was awakened by her "daddy's" activity: he had inserted his finger in her, but she was unsure whether it was her vaginal or rectal opening. She indicated that that type of sexual conduct had occurred on two previous occasions, but she did not recall the dates or times. On examining the victim, Dr. Clark noted the victim had an enlarged vaginal opening for a six-year old, and very little of her hymen was left intact. Dr. Clark also indicated the victim's rectum had a small tear in the tissue, indicating possible molestation.
The investigation further indicates the premise for the 1992 charges. Sometime in January 1992, the victim was at home with defendant, standing in front of the television and watching a video tape. When she turned around, she saw defendant on his knees behind her. Defendant put the victim's arm around his neck and tried to force her to the floor. When she resisted, he hit her twice on the side with his fist. She fell to the floor and he lay on top of her. She was kicking and screaming, so defendant hit her twice on the buttocks to force her to stop. Defendant then unzipped his pants, pulled down her pants and stockings and put his penis inside her. While defendant admitted to lying on top of her, he denied trying to engage in intercourse.
The foregoing evidence suggests not only a pattern of abuse with defendant's stepdaughter, but cruelty as well. R.C.2950.09(B)(2)(i). In response, defendant points to his participation in the Monticello program at the correctional institution. Cf. R.C. 2950.09(B)(2)(f). As the trial court noted, however, participation is commendable, but mere participation does not indicate defendant's ability to refrain from recidivism once he is released from the correctional facility. In attempting to explain, the trial court noted the "empirical data" indicating recidivism in cases of this nature. Defendant contends the trial court improperly relied on evidence outside the record, in the form of the referenced "empirical data," to find defendant a sexual predator.
Unquestionably, the trial court's better course is to refrain from referencing matters outside the record. Nonetheless, the trial court's reference to the "empirical data" arguably goes no further than to allude to material containing the same general message explicitly recognized in R.C. 2950.09(B)(2)(c). Moreover, even if the trial court erred in referencing or considering the "empirical data," the facts of this case, even in the absence of the "empirical data," support the trial court's finding. State v.Daniels (Feb. 24. 1998), Franklin App. No. 97APA06-830, unreported. Given the age of the victim, the pattern of abuse, the cruelty and the subsequent offense in 1992, despite ongoing counseling at that point, the evidence as analyzed under the legislative framework set forth in R.C. 2950.09(B)(2) supports the trial court's determination. Defendant's two assigned errors are overruled.
Having overruled defendant's two assignments of error, we affirm the judgment of trial court.
LAZARUS and KENNEDY, JJ., concur.